IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BB Trade Estonia OÜ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Meyers Research LLC and HW Holdco LLC, d/b/a Zonda Homes,<br><br>　　　　Defendants. | Civil Action No. _____ |

# COMPLAINT

Plaintiff BB Trade Estonia OÜ ("BB Trade" or "Plaintiff") by its undersigned attorneys, hereby brings this declaratory judgment complaint against Defendants Meyers Research LLC and HW Holdco LLC d/b/a Zonda Homes ("Meyers" or "Holdco," or collectively, "Defendants").

## NATURE OF SUIT

1. BB Trade is a global cryptocurrency exchange company. BB Trade prides itself on providing user-friendly goods and services which allow consumers to easily learn about cryptocurrency and manage crypto funds. BB Trade was founded in 2014 as BITBAY, and in 2021 it rebranded itself as ZONDA.

2. BB Trade has invested much effort and money into educating its community members as to its rebranding and into building up its reputation in the cryptocurrency industry under the ZONDA name, and BB Trade's community now spans over 1 million individuals and businesses.

3. Defendants own and operate a national company which offers real estate and housing goods and services under the name ZONDA.

4. Defendants do not operate in the cryptocurrency exchange field or in any field related to cryptocurrency.

5. Defendants have asserted a claim of trademark infringement against BB Trade. Because BB Trade's cryptocurrency services are not likely to be confused with Defendants' real estate and housing goods and services, BB Trade seeks a declaratory judgment of non-infringement.

## THE PARTIES

6. BB Trade is a corporation organized and existing under the laws of Estonia, with a principal place of business at Harju County, Tallinn, Central City District, Rävala pst 2, 10145 Estonia.

7. On information and belief, Meyers Research is a limited liability company organized and existing under the laws of Delaware with a principal place of business at 4000 MacArthur Boulevard, Suite 400, Newport Beach, California 92660.

8. On information and belief, Holdco is a limited liability company organized and existing under the laws of Delaware with a principal place of business at 4000 MacArthur Boulevard, Suite 400, Newport Beach, California 92660.

## JURISDICTION AND VENUE

9. This action arises under federal trademark law, Title 15 U.S.C. §§ 1051 et seq.

10. This Court has subject matter jurisdiction over this action pursuant to Title 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b), and pursuant to the Declaratory Judgment Act, Title 28 U.S.C. § 2201.

11. Venue is proper in this district pursuant to Title 28 U.S.C. § 1391.

12. Personal jurisdiction over Defendants is proper in this Court in part because Defendants regularly conduct business, directly and indirectly, within the State of New York and within this District.

13. Personal jurisdiction and venue are also proper in this Court because Defendants intentionally advertise, sell, and provide their goods and services in the State of New York and in this District. Defendants operate an interactive website and offer a mobile application which is accessible by residents of the State of New York and this District. Both the interactive website and the mobile application permit the exchange of information and the marketing and sale of services between users in New York and in this District, on the one hand, and Defendants, on the other hand. Based on the foregoing acts, Defendants reside in New York and within this Judicial District for the purposes of venue.

14. Declaratory judgment subject matter jurisdiction exists as a result of a cease and desist letter sent by Defendants to BB Trade demanding that BB Trade cease and desist using its ZONDA trademark, and threatening to "petition for injunctive and monetary relief before U.S. and foreign courts," as described more fully below. As a result of Defendants' threat, there is a substantial case or controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## BACKGROUND

### I. The Parties and Their Respective Marks

15. BB Trade was founded in 2014 under the name BITBAY, but recently rebranded as ZONDA, and has been using that name exclusively and continuously for cryptocurrency-related services since 2021.

16. BB Trade provides tools for cryptocurrency exchange and educational services relating to cryptocurrency. The ZONDA mark used by BB Trade in connection with cryptocurrency services will be referred to herein as "BB Trade's Mark."

17. Defendants claim that they own the mark ZONDA for goods and services in the real estate field and housing industry.

18. Defendants claim that they own several U.S. trademark registrations for ZONDA and for design marks incorporating the term ZONDA for software and services for providing "demographics, geographics, real estate information, analysis, and advice," including, but not limited to, U.S. Trademark Registration Nos. 4452621, 4503132, 4496173, 4492501, 4452624, 6714035, 6714034, 6714033, 6714036, 4452541, 6714031, 6714030, 6714029, 6714028, 6714027, 4445109, 4502974, 4492360, 4492361, 6714032, 6714039, 6714042, 6714041, 6714040, and 6714038. These trademarks are collectively referred to herein as "Defendants' Marks."

19. Upon information and belief, Defendants have never used Defendants' Marks in commerce in connection with any goods and services other than in the real estate field and housing industry.

20. Based on the marks at issue, and the manner in which those marks are used and presented in the marketplace, there is no likelihood of confusion or actual confusion between the source of the parties' respective goods and services.

21. The parties use their respective marks on different goods and services. BB Trade uses BB Trade's Mark on cryptocurrency-related goods and services and exclusively provides tools and educational services in connection with the cryptocurrency industry. BB Trade does not and has not used BB Trade's Mark in connection with the real estate industry or any related

industry. Conversely, Defendants only provide goods and services relating to real estate and housing. Indeed, Defendants' trademark registrations are restricted to software and services relating to "demographics, geographics, real estate information, analysis, and advice."

22. Furthermore, upon information and belief, the parties' respective goods and services travel through different channels of trade and are targeted to distinguishable end consumers.

23. On information and belief, the parties' customers are sophisticated and take great care in making purchasing decisions, and, as such, are not likely to be confused.

24. Upon information and belief, no consumers have been confused as to the source or origin of the parties' goods and services, or as to an association or affiliation between BB Trade and Defendants, nor are any consumers likely to be confused.

25. BB Trade adopted the ZONDA mark in good faith, with no knowledge of Defendants or their real estate goods or services.

26. BB Trade has won a number of industry awards including, but not limited to, Blockchain Exchange of the Year from Invest Cuff in 2019; Best Cryptocurrency Exchange from Berlin Summit in 2018; Best Cryptocurrency Exchange from Cryptocurrency World Expo in 2017; and Polish Innovation Award from Polish Congress of Entrepreneurship in 2017.

27. BB Trade's cryptocurrency exchange is licensed and highly regulated, and it is the first crypto platform to pass the Estonian Financial Intelligence Unit's strict regulatory framework. Accordingly, BB Trade is audited, supervised, and monitored by professional third-party institutions.

**II.    Defendants' Threats of Formal Legal Action**

28. On June 22, 2022, Defendants sent a cease and desist letter to BB Trade demanding that BB Trade cease all use of its ZONDA trademark, including on its mobile

application, social media, and website, claiming that BB Trade is infringing upon Defendants' trademark rights. Defendants also insisted that BB Trade transfer its domain <zondaglobal.com> to Defendants. The cease and desist letter further threatened that Defendants "will take the legal steps necessary to protect its brand and reputation" including proceeding with "app store complaints, seek removal of [BB Trade's] social media pages and other internet content, request the seizure of [BB Trade's] domain name(s), and/or petition for injunctive and monetary relief before U.S. and foreign courts."

29. That same day, on June 22, 2022, counsel for BB Trade acknowledged receipt of Defendants' demand letter. On June 29, 2022, counsel for BB Trade followed-up with counsel for Defendants stating that BB Trade would provide a substantive response to the demand letter soon.

30. On July 6, 2022, counsel for Defendants sent an email stating that they would recommend their client "commence enforcement."

31. On July 11, counsel for BB Trade requested additional time to review the asserted claims, but "to get the ball rolling on potential negotiations," set forth several proposals for cooperative negotiations. On July 18, 2022, counsel for Defendants responded as follows: "We decline BitBay's request for additional time and will proceed with enforcement of Zonda's trademark rights."

32. On July 25, 2022 Defendants began instituting takedown requests on social media and through the Apple App Store with respect to BB Trade's use of BB Trade's Mark. BB Trade's social media accounts and app were initially removed causing substantial harm to BB Trade and its business. However, BB Trade filed appeals in all instances, and, with the exception of BB Trade's Instagram account, the accounts and app have been properly restored.

33. Based on Defendants' explicit threats of "enforcement," specifically "injunctive and monetary relief before U.S. and foreign courts," BB Trade has a reasonable apprehension of litigation. Especially since Defendants' social media complaints have largely failed, BB Trade has a heightened apprehension Defendants will commence a federal suit against BB Trade alleging trademark infringement, unfair competition, and false designation of origin.

34. The dispute between BB Trade and Defendants is real and substantial because the parties have adverse legal interests. The controversy is of sufficient immediacy and reality to warrant an issuance of declaratory judgment. Accordingly, a case or controversy exists under 28 U.S.C. § 2201.

35. BB Trade spent a significant amount of time and monies in rebranding its business from the name BITBAY, and in preparation for and actual use of BB Trade's Mark.

36. A declaratory judgment is necessary and appropriate to declare the rights of the parties in a manner that avoids irreparable injury to BB Trade, for which there would be no adequate remedy at law, and which resolves the foregoing disputes in a manner consistent with equity.

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF FEDERAL TRADEMARKS (15 U.S.C. § 1114)

37. BB Trade repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

38. This claim arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201.

39. There is a real, immediate, substantial, and justiciable controversy between BB Trade and Defendants concerning whether BB Trade's use of BB Trade's Mark infringes Defendants' Marks.

40. Defendants have repeatedly asserted to BB Trade that BB Trade's use of ZONDA infringes Defendants' Marks under trademark and unfair competition laws in the United States. Defendants have explicitly threatened formal legal action if BB Trade does not comply with its demands.

41. BB Trade's use of BB Trade's Mark has not caused, and is not likely to cause, confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114.

42. Accordingly, BB Trade is not liable for federal trademark infringement of a registered trademark in connection with its use of BB Trade's Mark.

## COUNT II
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF UNREGISTERED TRADEMARKS AND UNFAIR COMPETITION (15 U.S.C. § 1125)

43. BB Trade repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

44. BB Trade's use in commerce of BB Trade's Mark is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of BB Trade with Defendants, or as to the origin, sponsorship, or approval of BB Trade, or its goods and services, by or with Defendants, in violation of 15 U.S.C. § 1125.

45. Accordingly, BB Trade is not liable for federal trademark infringement, false designation of origin, or unfair competition in connection with its use of BB Trade's Mark.

## REQUEST FOR RELIEF

WHEREFORE, BB Trade respectfully requests that the Court enter judgment in its favor as follows:

1. Declaring that BB Trade's use of BB Trade's Mark does not infringe Defendants' Marks under 15 U.S.C. § 1114;

2. Declaring that BB Trade, by use of BB Trade's Mark, does not unfairly compete with Defendants under 15 U.S.C. § 1125;

3. Enjoining Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns, and parent or subsidiary entities, and any and all persons in act of concert of participation with any of them, from threatening to assert or asserting Defendants' Marks against BB Trade, its agents, employees, customers, partners, or resellers, for their use of BB Trade's Mark;

4. Awarding BB Trade its costs of suit incurred herein;

5. Declaring this case exceptional and awarding BB Trade reasonable attorneys' fees, costs, and disbursements; and

6. Awarding BB Trade such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

BB Trade respectfully demands a jury trial on all claims and issues so triable.

Respectfully submitted,

Date: August 12, 2022

/s/ *Robert T. Maldonado*
Robert T. Maldonado (RM-7873)
WOLF, GREENFIELD, & SACKS, P.C.
605 Third Avenue
New York, New York 10158
212.697.7890 Phone
617.646.8646 Fax
rmaldonado@wolfgreenfield.com

John L. Welch (JLW-7242)
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax
jwelch@wolfgreenfield.com

*Counsel for BB Trade Estonia OÜ*

*Of Counsel:*
Kira-Khanh McCarthy
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax
kkmccarthy@wolfgreenfield.com

Jun-Hwa Jeong
M. Scott Alprin
RABIN & BERDO, P.C.
2650 Park Tower Drive
Suite 800
Vienna, Virginia 22180
202.659.8225 Phone
jjeong@rabinberdo.com
salprin@alprinlaw.com